**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY VONE CAIBY,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     **v.** | : | **Case No. 2:25-cv-05179-JDW** |
| | : | |
| **SIPPLE,** *et al.,* | : | |
|     **Defendants.** | : | |

## ORDER

AND NOW, this 21st day of May, 2026, upon consideration of Plaintiff Anthony Vone Caiby's *pro se* Complaint (ECF No. 2) it is **ORDERED** that the Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** for the reasons stated in the accompanying Memorandum, as follows:

    a.    Mr. Caiby's official capacity claims, his prison employment related constitutional claims, and his Eighth Amendment deliberate indifference claims arising from the alleged failure to treat his thyroid eye disease are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A;

    b.    Mr. Caiby's remaining constitutional claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A;

    c.    Mr. Caiby's state law claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

It is **FURTHER ORDERED** that Mr. Caiby may file an amended complaint on or before June 26, 2026.  Any amended complaint must identify all defendants in the caption

of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Mr. Caiby's claims against each defendant. The amended complaint must also provide as much identifying information for the defendants as possible. Mr. Caiby may refer to a defendant by last name only if that is the only identifying information that he has. If Mr. Caiby seeks to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1] The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. **Mr. Caiby should not include in his amended complaint any claim that has already been dismissed with prejudice.** When drafting his amended complaint, Mr. Caiby should be mindful of my reasons for dismissing the claims in his initial Complaint as explained in the accompanying Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until I so order.

It is **FURTHER ORDERED** that the Clerk Of Court shall send Mr. Caiby a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Mr. Caiby may use this form to file his amended complaint if he chooses to do so. If Mr. Caiby does not seek to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court on or

---

[1] Without the name of at least one individual or entity, however, I might be unable to direct service of any amended complaint that Mr. Caiby may file.

before June 26, 2026, stating that intent, at which time I will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.

If Mr. Caiby fails to file any response to this Order, then I will conclude that Mr. Caiby intends to stand on his Complaint and will issue a final order dismissing this case.

It is **FURTHER ORDERED** that Mr. Caiby's Motion to Appoint Counsel (ECF No. 3) is **DENIED WITHOUT PREJUDICE** because it is premature at this stage of the proceedings. At this point, there is no operative pleading containing plausible claims.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

**JOSHUA D. WOLSON, J.**